IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ANTIONA PHILLIPS                                                                                             PLAINTIFF
ADC # 162493

v.                                            4:22CV00643-JM-JTK

DOES                                                                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

**I.     Introduction**

Antiona Phillips ("Plaintiff") is in custody at the Varner Unit of the Arkansas Division of Correction ("ADC"). He filed a pro se civil action under 42 U.S.C. § 1983, as well as a Motion to Proceed In Forma Pauperis, which was granted. (Doc. Nos. 1-3). The Court screened Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA") and found that Plaintiff failed to state a claim upon which relief may be granted. (Doc. No. 3). Plaintiff was given the opportunity to file an Amended Complaint to cure the deficiencies in his pleading. (Id.) To date, Plaintiff has not filed an Amended Complaint, and the time for doing so has passed.

As explained below, Plaintiff's Complaint fails to state a claim on which relief may be granted. Accordingly, the Court recommends Plaintiff's Complaint be dismissed without prejudice.

## II. Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III. Discussion

Plaintiff sued Doe Defendants in their personal and official capacities. (Doc. No. 2 at 1-2). Plaintiff alleges that he is being threatened by the Doe Defendants and fears for his life. (Id. at 4-8). Plaintiff's allegations run the gambit from the plausible to the fantastic. (Id.). For example, Plaintiff alleges: "[Doe Defendants] keep on calling me a chomo and a snitch," which

2

Plaintiff maintains puts his life at risk.  (Id. at 7).  But Plaintiff also alleges that he "can feel someone digging under [his] bed, floor and [his] wall behind [his] concrete bed."  (Id. at 6).  And that a Sergeant Demery "came in the cell block handing makeshift weapons to inmates and told them use the pipechase and go handle [Plaintiff]."  (Id.).  Plaintiff further alleges that a Sergeant Bash told an inmate Franks that "as soon as [Plaintiff] come out for shower call I want you to put him up," which Plaintiff says is slang for murdering someone.  (Doc. No. 2 at 5).  As the Court understands Plaintiff's Complaint, the Doe Defendants' alleged actions are the result of Plaintiff "mess[ing] with their drug operations."  (Id. at 7).  Plaintiff seeks damages and injunctive relief.  (Id. at 9).

### A.     Official Capacity Claims

Plaintiff sued Defendants in their personal and official capacities seeking damages, among other relief.  "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity."  Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010).  Accordingly, Plaintiff's official capacity damages claims against the ADC Defendants are the equivalent of claims against the state of Arkansas and are barred by the Eleventh Amendment.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

### B.     Personal Capacity Claims

Plaintiff brought suit under 42 U.S.C. § 1983.  "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)).  Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983.  See Iqbal, 556 U.S. at 678.

Plaintiff did not name any individual as a Defendant; instead, Plaintiff sued "all captins [sic], Lt, Srgts, and CO1s and CO2s" at Varner and Varner Supermax. (Doc. No. 2 at 1). The Court noted that Plaintiff has not, and cannot, explain the individual actions of all such individuals. (Doc. No. 3). The Court advised Plaintiff to narrow his allegations, name as Defendants the individuals he wishes to sue, and explain each individual's actions by using each Defendant's name. But Plaintiff has not done so. Plaintiff's Complaint as currently pled fails to state a claim on which relief may be granted. Accordingly, Plaintiff's Complaint should be dismissed without prejudice.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that

1. This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

2. The Court recommend[1] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

---

[1] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Dated this 18th day of August, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE