IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ANTIONA PHILLIPS                                                                                            PLAINTIFF
ADC # 162493

v.                                                      4:22CV00643-JTK

DOES                                                                                                       DEFENDANTS

**ORDER**

Antiona Phillips ("Plaintiff") is incarcerated at the Varner Unit of the Arkansas Division of Correction ("ADC"). Plaintiff sued multiple individuals violations of his constitutional rights. (Doc. No. 5).

Defendants Higgins, Dunlap, and Harper (collectively, "Defendants") have filed a Motion for Summary Judgment on the issue of exhaustion, Brief in Support, and Statement of Facts. (Doc. Nos. 26-28). On January 3, 2023, the Court directed Plaintiff to respond to Defendants' Motion within thirty (30) days, or by February 2, 2023. (Doc. No. 29). The Court advised Plaintiff that failure to comply with the Order would result in all of the facts set forth in Defendants' summary judgment papers being deemed admitted, or the dismissal of the action without prejudice for failure to prosecute. (Id.) To date, Plaintiff has not filed a response.

After careful consideration of the record before me, and for the reasons explained below, Defendants' Motion will be granted.

**I.     Plaintiff's Claims**

Plaintiff alleges that in September 2021 and July 2022, Defendants Higgins, Dunlap, Allen, and Harper threatened Plaintiff's life. (Doc. No. 5 at 4-7). Plaintiff seeks damages and injunctive relief. (Id. at 8).

## II.     Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED. R. CIV. P. 56(e).

## III.     Analysis

Defendants argue that Plaintiff failed to exhaust his claims against them. (Doc. No. 27).

According to the Prison Litigation Reform Act ("PLRA"),

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

As an initial matter, the Court notes that Plaintiff has not filed a response to Defendants' Motion. He has not controverted any material fact set forth by Defendants in their statement of

undisputed material facts.  Accordingly, all material facts submitted by Defendants (Doc. No. 28) are deemed admitted.  Local Rule 56.1(c); FED. R. CIV. P. 56(e).

At the time of the incidents giving rise to this lawsuit, the ADC had in place a grievance procedure, Administrative Directive ("AD") 19-34.  (Doc. No. 28 at ¶ 9; Doc. No. 26-2).  Pursuant to the Directive, an inmate is required to attempt informal resolution of a problem or complaint prior to filing a formal grievance.  (Doc. No. 26-2 at 1-2.)  This is accomplished by completing and submitting the Unit Level Grievance Form within fifteen days after the occurrence of the incident.  (Id. at 6.)  The form must include "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." (Id.) Following an attempt at informal resolution, an inmate may proceed by filing a formal grievance on the same Unit Level Grievance Form.  (Id. at 9.)  The warden or his designee must provide a written response within twenty working days of receipt.  (Id. at 11.)  If dissatisfied with the response, the inmate may appeal within five working days to the appropriate Chief Deputy/Deputy/Assistant Director.  (Id. at 12.)  The Chief Deputy/Deputy/Assistant Director must provide a written response within thirty working days.  (Doc. No. 26-2 at 13.)  "A [written] decision or rejection of an appeal at this level is the end of the grievance process." (Id.)  Administrative Directive 19-34 includes the following warning:

> A Grievance must specifically name each individual involved in order that a proper investigation and response may be completed.  An inmate must fully exhaust the grievance procedure as a prerequisite to pursuing any legal action related to the subject matter of the grievance.  All inmates are hereby advised that the Division reserves the right to raise any and all defenses, including the failure to exhaust the grievance procedure, as to any claim which may have been subject to the grievance procedure and as to any person or entity.
>
> An inmate who fails to name all parties during the grievance process may have his or her lawsuit or claim dismissed  by the court or commission for failure to exhaust against all parties.

4

(*Id*. at 5.)

In support of their Motion, Defendants presented the Declaration of Terri Grigsby, who is currently employed by the ADC as Inmate Grievance Supervisor. (Doc. No. 26-1 at ¶¶ 1, 2). According to Ms. Grigsby, she reviewed Plaintiff's grievance records for the period of September 6, 2021 through July 13, 2022—the date Plaintiff filed this lawsuit. (Id. at ¶ 33). Ms. Grigsby declared under penalty of perjury that her office has no record of Plaintiff lodging any grievance during the relevant time that is related to his claim against Defendants. (Id. at ¶ 34). Plaintiff has not contested this assertion.

Plaintiff maintains in his Amended Complaint that his grievances were ignored and he did not receive responses to his grievances. (Doc. No. 5-1 at 3-4). But Administrative Directive 19-34 instructs inmates to proceed to the next step, even without a response at the corresponding level. The instructions for grievances at step one, the informal level, provide:

> If the designated Problem Solver (or substituted person to resolve the issue such as a medical or mental health staff member) has failed to contact the inmate and attempt resolution of the complaint or failed to return Step One (the grievance) within the designated three working days, the inmate may proceed to Step Two, the formal grievance, without the completion of Step One. In that instance, Step Two, the formal grievance, must be filed no later than six (6) working days from the original submission of the Unit Level Grievance Form pursuant to Step One: this allows three (3) working days to wait for a response to Step One, and three (3) working days to initiate Step Two. (These are not three (3) additional days, i.e., if the Problem Solver returns Step One on the day it was submitted, the inmate has only three (3) working days from receipt of that response to file Step Two.) The inmate will submit a copy of his/her Unit Level Grievance Form using the pink or yellow copy, whichever is most legible, that he/she retained following the instructions for Step Two.

(Doc. No. 26-2 at 8).

At step two, the formal grievance, Administrative Directive 19-34 reads:

> If an inmate has not received a response to his/her Unit Level Grievance within the allotted time frame as stated on the Acknowledgement Form or the Extension Form, if applicable, the inmate may move to the next level of the process, an appeal to the

5

>Chief Deputy/Deputy/Assistant Director Level. In this instance, the appeal must be filed no later than five (5) working days.
>
>The Grievance Extension Form will be used in cases where a longer period is required for a response to or resolution of the problem. The inmate shall be notified by the responding authority, in writing, of the reason for the delay and its expected length on the Grievance Extension Form (see Attachment X). Time limits for responding will be extended automatically upon the completion of the Grievance Extension Form (Attachment X),unless the inmate disagrees in writing to the extension. If the inmate does not agree to the extension, the inmate understands and agrees that, with that decision, no further action will be taken on the issue, and the grievance will be returned to the inmate without a decision on its merit. By disagreeing with the extension, the inmate waives his or her right to have the grievance issue considered. If a second or additional extension is needed, the extension will be granted only upon approval of the Warden or Deputy Warden at the Step Two level.

(Id. at 11).

Accepting as true Plaintiff's allegations that he did not receive a response or timely response to his grievances does not excuse Plaintiff from proceeding to an appeal of a grievance because AD 19-34 explains that an inmate should proceed to the next step even without a response.

Without any further information from Plaintiff, the Court is unable to determine if the grievance procedure was unavailable to Plaintiff for some other reason. As it currently stands, Plaintiff did not meet proof with proof to establish facts in dispute that would preclude summary judgment in Defendants' favor. Wilson v. Miller, 821 F.3d 963, 970 (8th Cir. 2016) (allegations must be substantiated with sufficient probative evidence); Bolderson v. City of Wentzville, Missouri, 840 F.3d 982, 986-87 (8th Cir. 2016) (noting plaintiff's duty to meet proof with proof in affirming summary judgment in defendant's favor). As such, the Court finds Plaintiff did not exhaust his claims against Defendants. Accordingly, Defendants' Motion for Summary Judgment will be granted and Plaintiff's claims against Defendants will be dismissed without prejudice.

### IV.     **Defendant Allen and Does**

The Court notes that Defendant Allen has not yet been served in this case. On September 29, 2022, the Court directed service on Defendant Allen; summons, however, was returned unexecuted. (Doc. Nos. 8, 13). The Court then directed Plaintiff to provide an address for service for Defendant Allen. (Doc. No. 14). In response, Plaintiff filed a Motion Seeking to Identify Allen in which Plaintiff provided a description of Defendant Allen. (Doc. No. 21). The Court granted Plaintiff's Motion and directed the ADC to review employment records for the relevant period and provide the Court a last known address for Defendant Allen if possible. (Doc. No. 23). The ADC complied, and on December 12, 2022 filed under seal a last known address for Defendant Allen. (Doc. No. 24). The Court again directed service on Defendant Allen, this time at the address maintained under seal. (Doc. No. 25). Summons was returned unexecuted with the notation "not deliverable as addressed." (Doc. No. 32).

Plaintiff was advised that it is his responsibility to provide the Court sufficient information about Defendant Allen for service to be made. (Doc. No. 14). Plaintiff was also advised that any Defendant not served within ninety (90) days after the filing of the Complaint is subject to dismissal without prejudice. (Id.). Service could not be made on Defendant Allen with the information Plaintiff provided in his Complaint or later Motion Seeking to Identify Allen, and service could not be made on Defendant Allen at the last known address provided by the ADC. Plaintiff's Complaint was filed on July 13, 2022—over six months have passed since the time the Complaint was filed. Accordingly, Defendant Allen will be dismissed from this action for lack of service. Fed. R. Civ. P. 4(m).

Similarly, Plaintiff never provided any information regarding the unidentified Doe Defendants, and none of those Defendants have been served. The Doe Defendants also will be dismissed from this action for lack of service.

**V.      Conclusion**

IT IS, THEREFORE, ORDERED that:

1. Defendants' Motion for Summary Judgment on the issue of exhaustion (Doc. No. 26) is GRANTED.

2. Plaintiff's claims against Defendants Higgins, Dunlap, and Harper are DISMISSED without prejudice for failure to exhaust administrative remedies.

3. Plaintiff's claims against Defendant Allen and the Doe Defendants are DISMISSED without prejudice for lack of service.

4. Plaintiff's Complaint, as amended, is DISMISSED.

5. The Court certifies that an in forma pauperis appeal of this Order and the accompanying Judgment would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated this 7th day of February, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE